**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

     **Plaintiff**

       v.

MARGARITA PEROCIER, <u>et al.</u>,

     **Defendants**

**CRIMINAL NO.** 08-243 (JAG)

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Pending before this Court is the Government's "Notice of Inextricably Intertwined Evidence." (Docket No. 260). For the reasons set forth below, this Court **DENIES** the Government the use of its evidence.

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 24, 2009, the Government filed a "Notice of Inextricably Intertwined Evidence" ("Notice"). (Docket No. 260). In it, the Government notes that in the July 31, 2009, Opinion and Order (Docket No. 252), this Court dismissed Counts 1 and 2 as untimely. The Government argues that the actions of co-Defendant Margarita Perocier ("Perocier") in relation to dismissed Counts 1 and 2 are inextricably intertwined with the factual underpinnings in Counts 3-12.[1] The Government wants to present evidence, which

---

[1] Counts 1-12 charge Defendants with Conspiracy to commit honest services mail fraud (18 U.S.C. § 371).

Criminal 08-243 (JAG)                                              2

it was planning to use to prove Counts 1-2, to establish a scheme
in relation to Counts 3-12.   The Government contends that the
fraudulent passing of applicants on the medical board exams, as
alleged in Counts 3-12, was part of Perocier's overarching plan to
improperly cause the Board to issue medical licenses. The evidence
in question is that of thirteen unindicted persons with failing
scores that were nevertheless passed.  (Docket  No.  260).
Furthermore, the Government argues in a footnote that the evidence
should also be admissible under Fed. R. Evid. ("FRE") 404(b)[2] as to
co-Defendant Perocier. (Docket No. 260 n. 12).

        Defendants oppose the use of said evidence for the following
reasons: 1) the cases of the unindicted co-conspirators are  not
inextricably  intertwined  with  counts  3-12  and  are  totally
unnecessary to prove said counts, 2) the government simply wants to
present "other crimes" evidence which is not permitted under FRE
404(b); 3) the evidence is cumulative; and 4) its unduly
prejudicial under Fed. R. Evid. 403 ("FRE 403"). (Docket No. 268).
The Government responded to Defendants' Opposition to the Notice.

--------

        [2] Evidence of other crimes, wrongs, or acts is not
admissible to prove the character of a person in order to show
action in conformity therewith. It may, however, be admissible
for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or
accident, provided that upon request by the accused, the
prosecution in a criminal case shall provide reasonable notice in
advance of trial, or during trial if the court excuses pretrial
notice on good cause shown, of the general nature of any such
evidence it intends to introduce at trial. FRE 404(b).

Criminal 08-243 (JAG)                                                    3

(Docket No. 270). Defendants replied to the Government's Opposition. (Docket No. 273). Both parties filed Sur-Replies. (Docket Nos. 283, 284).

**ANALYSIS**

This Court must decide whether to admit the Government's evidence supporting Counts 1 and 2 because it is inextricably intertwined with Counts 3-12. "Evidence is inextricably intertwined if it helps to complete the story of the crime by filling a conceptual or chronological void." United States v. Luster, 480 F.3d 551, 556 (7th Cir. 2007)(citing United States v. McLee, 436 F.3d 751 (7th Cir. 2006)). Nevertheless, this formula has been referred to as "unhelpfully vague." United States v. Conner, 583 F.3d 1011, 1018-1019 (7th Cir. 2009). Thus, to determine whether certain evidence is inextricably intertwined requires a joint examination with FRE 404(b). The Seventh Circuit has indicated that "acts that are 'inextricably intertwined' with the crime on trial are admissible...because they lie outside the purview of the Rule 404(b) character/propensity prohibition." Luster, 480 F.3d at 556. "The logic being that Rule 404(b) only applies to 'other' crimes, wrongs, or acts, not acts directly related to (i.e., 'inextricably intertwined' with) the crime on trial." Id. Moreover, "evidence of prior bad acts is admissible when the acts are so inextricably intertwined with, or intricately related to, the charged conduct that they help the fact-finder form a more

Criminal 08-243 (JAG)                                         4

complete picture of the crime." <u>United States v. Conner</u>, 583 F.3d
1011, 1018-1019 (7th Cir. 2009)(citing <u>United States v. Samuels</u>,
521 F.3d 804, 813 (7th Cir. 2008).  The Seventh Circuit clarifies
that even though the "inextricably intertwined" doctrine is
"premised upon the inapplicability of Rule 404(b), in practice the
two standards may overlap." <u>Id.</u> (internal citations omitted). Thus,
as other Circuits have established "Rule 404(b) excludes only
evidence 'extrinsic' or 'extraneous' to the crimes charged, not
evidence that is 'intrinsic' or 'inextricably intertwined.'" <u>United
States v. Allen</u>, 960 F.2d 1055, 1058 (D.C. Cir. 1992); <u>United
States v. Leonard</u>, No. 09-1087, 2009 U.S. App. LEXIS 24808, * 15-16
(11th Cir. Nov. 12, 2009); <u>United States v. Randall</u>, 887 F.2d 1262,
1268 (5th Cir. 1989); <u>United States v. Roberts</u>, 933 F.2d 517, 520
(7th Cir. 1991).  The First Circuit has established that "the
prohibition against 'other acts' evidence typically refers to
evidence that is extrinsic to the crime charged and introduced for
the purpose of showing propensity." <u>United States v. Gobbi</u>, 471
F.3d 302, 311 (1st Cir. 2006) (citing <u>United States v. Epstein</u>, 426
F.3d 431, 438-39 (1st Cir. 2005)).  Thus, "if the so-called
'intrinsic' act is indeed part of the crime charged, evidence of it
will, by definition, always satisfy Rule 404(b)." <u>United States v.
Bowie</u>, 232 F.3d 923,  927 (D.C. Cir. 2000).

Criminal 08-243 (JAG)                                                    5

In the present case, Defendants argue that the purported evidence is neither inextricably intertwined, nor is it admissible under FRE 404(b). Defendants contend that what the Government is doing is simply presenting bad character evidence against co-Defendant Perocier in violation of FRE 404(b). Defendants aver that the Government wants to introduce said evidence in order to demonstrate that Perocier acted in conformity therewith when she allegedly engaged in the conspiracies charged in Counts 3-12.

Further, Defendants state that the Government does not need this particular evidence to prove Counts 3-12. They contend that this evidence has no special probative value because there are sufficient examples already alleged within Counts 3-12, thus making the evidence 'cumulative.'

On the other hand, the Government argues that the evidence should not be excluded under FRE 404(b) because the evidence is intrinsic to Counts 3-12, and as mentioned above only extrinsic evidence is excluded under the rule. The Government states that the evidence is intrinsic to Counts 3-12 because in said counts it has to prove the existence of an agreement to execute a scheme to defraud. Thus, the subsidiary conspiracy evidence is necessary to demonstrate Perocier's overall scheme.

The Government presents two cases to support its arguments, United States v. Santagata, 924 F.2d 391 (1st Cir. 1991), and United States v. McGauley, 279 F.3d 62 (1st Cir. 2002). In

Criminal 08-243 (JAG)                                                    6

Santagata, Defendant was convicted on fourteen counts of wire fraud
in violation of 18 U.S.C. § 1343.  Defendant Santagata devised a
scheme to defraud seven out-of-state women's clothing manufacturers
by placing telephone orders and when pressed for payment he claimed
he had been overcharged. Santagata, 924 F.2d at 393.  The District
Court judge permitted evidence of more than fifty orders over a
twenty-three-month period, not just evidence of the fourteen orders
charged in the indictment.  Id.  The First Circuit affirmed the
District Court's decision, stating that "[t]he documents at issue
would tend to make the existence of a scheme to defraud -- a
necessary element of the crime charged -- more likely than it would
be without the documents." Id.  Santagata argued that by admitting
said evidence the District Court had abused its discretion because
it had "stacked the deck" against him, ultimately "leading the jury
to believe that the Government possessed an almost unlimited list
of allegations against him." Id. at 394 (internal quotations
omitted).  Further, Santagata argued that the District Court "did
not balance the probative value of the evidence against the
potential for unfair prejudice."  The First Circuit found that,
"[a]lthough the documents could be characterized as cumulative of
previous testimony, in light of the scheme charged 'the repetition
of the evidence was itself distinctly probative.'" Id. at 401
(citing United States v. Rodriguez-Estrada, 877 F.2d 153 (1st Cir.
1989).

Criminal 08-243 (JAG)                                                    7

In <u>McGauley</u>, Defendant was charged with 25 counts of mail fraud, under 18 U.S.C. § 1341 in which McGauley defrauded retail stores by stealing merchandise and returning it for refund checks. Eventually, the fraud charges were dropped to three counts. Nevertheless, the District Court permitted evidence of two hundred seventeen other refund checks that the defendant received in the same manner. <u>McGauley</u>, 279 F.3d at 70.  The First Circuit affirmed the District Court as to the admission of the evidence, finding that:

> The situation here is analogous to <u>Santagata</u>. The government set out to prove not just that McGauley committed the three specific acts of mail fraud charged in the indictment, but that she did so pursuant to a general scheme to defraud retail establishments. The 217 refund checks to which McGauley objects were introduced not as "other crimes, wrongs, or acts" existing independent of the charged offense, but as proof that McGauley elicited the three refund checks charged in the indictment as part of a broader scheme to defraud retail establishments. Their relevance is plain."

<u>Id.</u> at 73.  The First Circuit simply found in these two cases that the evidence to prove a scheme was intrinsic to the charged crimes and therefore not subject to the exclusion of FRE 404(b).

Defendants argue that these cases are inapposite because the Government does not have to prove a "scheme to defraud" as an element of Counts 3-12.  Defendants state that each count has to be proven independently of the others and an acquittal in one count does not bar a conviction on the other.  Defendants further aver that once Counts 1 and 2 were dismissed, the evidence pertaining to

Criminal 08-243 (JAG)                                                    8

the unindicted co-conspirators in said counts lost its 'intrinsic'
value.  They argue that this evidence was only relevant to prove a
scheme to defraud in Counts 1 and 2.  Thus, Defendants contend that
the Government is trying to revive these counts through this notice
of inextricably intertwined evidence.

It is clear from the indictment that Defendant Perocier is
charged in Counts 1 and 2 under the same statute that she is being
charged in Counts 3-12.  Therefore, contrary to Defendant's
argument, this Court finds that the scheme alleged in Counts 1 and
2 is the same scheme that is alleged throughout Counts 3-12.
Further, this Court understands that the government has to
demonstrate that Perocier conspired to commit mail fraud.  As the
Government correctly points out,

> To support a verdict of guilt, the evidence must prove
> each element of a conspiracy beyond a reasonable doubt.
> These elements are the existence of a conspiracy, the
> defendant's knowledge of it, and his voluntary
> participation in it. To prove voluntary participation,
> the government must show that the defendant intended both
> to agree with his co-conspirators and to commit the
> substantive offense.

United States v. David, 940 F.2d 722, 735 (1st Cir. 1991).  The
substantive offense in the present case is mail fraud.  The
elements of the crime of mail fraud, under 18 U.S.C. § 1341, are:
"(1) a scheme to defraud victims of (2) money or property, through
the (3) use of the mails." United States v. Walker, 191 F.3d 326,
334 (2d Cir. 1999).  Thus, in order to prove a conspiracy to commit
mail fraud, the Government would have to show that Defendants

Criminal 08-243 (JAG)                                                      9

intended to commit the substantive offense. Therefore, the Government would have to prove that a scheme existed. Consequently, this Court finds that the evidence that was going to be used to prove Counts 1 and 2 is intrinsic to the conspiracies charged in Counts 3-12.

Nevertheless, "regardless of whether such evidence falls inside or outside the scope of Rule 404(b), the evidence must still comport with Rule 403's requirements that its probative value outweighs the danger of unfair prejudice." United States v. Gayle, 08-12826, 2009 U.S. App. LEXIS 25224, *14 (11th Cir. Nov. 17, 2009). Pursuant to Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." United States v. Whitney, 524 F.3d 134, 141 (1st Cir. 2008). The First Circuit notes that Rule 403 protects defendants "against unfair prejudice, not against all prejudice." Id. It is important to note that "Rule 403 tilts the balance in favor of admission." Id. (internal citations omitted). The First Circuit "imposes a two-part test to determine whether prior act evidence is admissible." United States v. Hicks, 575 F.3d 130, 142 (1st Cir. 2009)(citing United States v. Whitney, 524 F.3d 134, 141 (1st Cir. 2008)

Criminal 08-243 (JAG)                                                    10

> First, a court must ask whether the proffered evidence
> has a special relevance, i.e., a non-propensity
> relevance. Next, the court must determine whether the
> evidence should be excluded under Federal Rule of
> Evidence 403, which allows courts to exclude relevant
> evidence if its probative value is substantially
> outweighed by the danger of unfair prejudice, confusion
> of the issues, or misleading the jury, or by
> considerations of undue delay, waste of time, or needless
> presentation of cumulative evidence.

Id. at 142.  As explained above, this Court finds that the

proffered evidence is relevant because it is intrinsic to Counts 3-

12 in order for the Government to establish that a scheme existed.

Thus, this Court must determine whether the probative value of the

evidence outweighs the danger of prejudice to the jury.  Defendants

argue that the evidence will confuse the issue, mislead the jury,

it is cumulative and would unnecessarily consume and delay time

during trial.

This Court agrees with Defendants, but not with their

reasoning.  Allowing the Government's use of evidence of thirteen

unindicted co-conspirators to establish Perocier's guilt could

inevitably result extremely prejudicial to all Defendants.  The

main problem with presenting this evidence is that Perocier is not

the only person charged in Counts 3-12.  Thus, the effect of

presenting evidence of thirteen uncharged acts with the same

factual patterns, is that it could lead the jury to believe that it

is more probable than not that each co-defendant is guilty of the

crime charged.  In other words, the Government's use of this

Criminal 08-243 (JAG)                                              11

evidence against Perocier, could have the unintended effect of "stacking the deck" against the other co-defendants.

This Court is aware that it has the option of giving a jury instruction to limit the prejudicial effect of the Government's proffered evidence on the jury.  The First Circuit has stated that trial judges should have a "presumption that jurors will follow a direct instruction to disregard matters improvidently brought before them." United States v. Sepulveda, 15 F.3d 1161, 1185 (1st Cir. 1993).  "Though rebuttable, the presumption endures unless it appears probable that, in a particular case, responsible jurors will not be able to put the testimony to one side, and, moreover, that the testimony will likely be seriously prejudicial to the aggrieved party." Id. In the present case, however, it would be almost impossible for a responsible juror to consider the evidence simply as to Perocier and not as to any of the other co-Defendants charged in Counts 3-12.  Thus, it is clear that the risk of jury confusion is high.  Therefore, this Court finds that this case is one of those exceptions where an instruction would not be enough to cure the prejudicial effect the jury could have upon listening to the Government's proffered evidence.

Criminal 08-243 (JAG)                                                    12

**CONCLUSION**

For the reasons stated above this Court **DENIES** the Government the use of it evidence.


IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of January, 2010.


s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge